

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 22, 1939

Hon. M. B. Rider
Deputy Banking Commissioner
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. 0-519
Re: Constitutionality of Senate Bill
No. 295, now pending.

This will acknowledge receipt of your letter of March 16, 1939, in which you request the opinion of this Department as to the constitutionality of Senate Bill No. 295, now pending in the Senate of Texas, a copy of which you enclosed with your letter.

Senate Bill No. 295 reads as follows:

"A BILL

To Be Entitled

"An Act to amend Article 538 of the Revised Civil Statutes so as to provide banking services and facilities to areas not having such service; providing certain restrictions; repealing all laws or parts of laws in conflict herewith, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Amend Article 538 of the Revised Civil Statutes so as to hereafter read as follows:

"'Art. 538. Branch banks. No banking corporations organized under the laws of this State shall ever engage in business at more than one place, which shall be designated in its charter, except under the conditions hereinafter set out. County or State depositories or county depositories not located at the county seat, and ordinary clearing house transactions between banks, are not affected by this article.

"It shall be lawful for any bank to furnish and supply banking services and facilities to areas or communities in which no bank is located and no banking services or facilities are available; provided, however, that the parent bank shall not furnish such services and facilities to any area or community located elsewhere other than the county in which the parent bank is located; and provided further, that before such parent bank shall establish and grant such services and facilities, the capital of such parent bank shall be raised ten per cent.'

"Sec. 2. All laws or parts of laws in conflict with the provisions of this Act are hereby expressly repealed to the extent of such conflict.

"Sec. 3. The fact that many areas and communities are extremely handicapped at present by reason of the lack of banking services and facilities, creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House, be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

The bill as hereinabove quoted proposes to authorize any bank "to furnish and supply banking services and facilities to areas or communities in which no bank is located and no banking services or facilities are available." Although the proposed bill does not specifically state that branch banks are to be established, it appears to be quite impossible for the services proposed to be furnished to be made available in any other manner except by and through the establishment of branch banks in the communities not now served.

Article 16, Section 16 of the Constitution of the State of Texas reads as follows:

"The Legislature shall by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of State supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof.

"No such corporate body shall be chartered until all of the authorized capital stock has been subscribed and paid for in full in cash. Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter.

"No foreign corporation, other than the national banks of the United States, shall be permitted to exercise banking or discounting privileges in this State."

We respectfully call your attention to that portion of Article 16, Section 16 of the Constitution which provides, "Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter."

It is the opinion of this Department and you are so advised that the proposed Senate Bill No. 295 is unconstitutional for reason of being in direct conflict with the above quoted provisions of Article 16, Section 16 of the Constitution of the State of Texas.

Trusting that this satisfactorily disposes of your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  /s/ Lloyd Armstrong
        Lloyd Armstrong
                Assistant

LA:AW:LM

APPROVED:

/s/ W. F. Moore
First Assistant
ATTORNEY GENERAL OF TEXAS